**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X   Case No.

RYAN PEUGH,

                            PLAINTIFF,                   **COMPLAINT**

                - against -

BETTER HOLDCO, INC.,                      **PLAINTIFF DEMANDS**
                                                    **A TRIAL BY JURY**

                            DEFENDANT.

------------------------------------------------------------------------X

        RYAN PEUGH ("PLAINTIFF"), by his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of BETTER HOLDCO, INC., ("DEFENDANT"), upon information and belief, as follows:

<u>**NATURE OF THE CASE**</u>

1. PLAINTIFF complains pursuant to **The Family and Medical Leave Act of 1993,** as amended, 29 U.S.C. § 2601, *et. seq.* ("FMLA"); and any other claim(s) that can be inferred from the facts set forth herein and seeks damages to redress the injuries suffered as a result of interference with his rights under the FMLA and retaliation in the form of wrongful termination by DEFENDANT on the **basis of PLAINTIFF's request for FMLA.**

<u>**JURISDICTION AND VENUE**</u>

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of PLAINTIFF brought under state law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) as

the district in which Defendant resides.

## PARTIES

5.   At all times material, RYAN PEUGH ("PLAINTIFF") was and is a resident of the State of Washington.

6.   At all times material, PLAINTIFF was and is a "person" and an "employee" of DEFENDANT and entitled to protection as defined by FMLA.

7.   At all times material, BETTER HOLDCO, INC., ("DEFENDANT") was and is a domestic corporation that specializes in mortgage banking, headquartered at 175 Greenwich Street, Floor 59, New York, NY 10007

8.   At all times material, DEFENDANT "employs" more than fifty employees.

9.   At all times material, DEFENDANT was and is an "employer" within the meaning of FMLA.

## MATERIAL FACTS

10.   On November 17, 2020, PLAINTIFF began working for DEFENDANT as a Senior Manager of Product Management

11.   At all times material, PLAINTIFF was qualified for his position.

12.   At all times material, PLAINTIFF was an exemplary employee with no write-ups or disciplinary actions throughout his employment.  Indeed, PLAINTIFF's performance review, a significant pay raise and a substantial retention bonus all reflected PLAINTIFF's stellar performance and work ethic.

13.   Further indicated of his outstanding performance, on October 1, 2021, PLAINTIFF was promoted to Director of Product Management, earing $350,000 annually plus an annual bonus of 20% of base salary.

14.   On or about June 9, 2022, PLAINTIFF contacted Leave Representative, Kayla Nicholson

("Ms. Nicholson") of the Larkin Group and submitted a formal leave of absence request for paternity leave from September 1, 2022, through November 23, 2022.

15.     On July 1, 2022, PLAINTIFF's request for paternity leave was granted.

16.     On or about August 24, 2022, DEFENDANT abruptly changed their leave of absence policy. The immediate policy change affected all expecting parents, parents currently on maternity/paternity leave, and anyone requesting a leave of absence for medical or paternity leave.

17.     Due to DEFENDANT's abrupt change in their leave of absence policy, PLAINTIFF's previously approved 12-week paternity leave was automatically reduced to a 4-week paternity leave.

18.     On or about August 26, 2022, PLAINTIFF's daughter was born.

19.     That same day, at approximately 10:52 am, PLAINTIFF informed Ms. Nicholson that PLAINTIFF's daughter was born. PLAINTIFF therein requested to begin PLAINTIFF's paternity leave immediately.

20.     That same day, at approximately 11:33 am, PLAINTIFF received a voicemail from Mr. Ashash stating PLAINTIFF's employment was terminated due to a "corporate layoff." PLAINTIFF was offered no further explanation or justification for his termination.

21.     DEFENDANT's termination of PLAINTIFF was pretextual. DEFENDANT discriminated against PLAINTIFF based on PLAINTIFF's request for paternity leave and PLAINTIFF's familial status, as evidenced by DEFENDANT terminating PLAINTIFF's employment less than one hour after PLAINTIFF requested to begin paternity leave.

22.     Notably, based on internal research and polls created by DEFENDANT's terminated employees, **17 of the 26 employees affected by the "corporate layoff" were either**

3

**already on maternity/paternity leave or planning to take maternity/paternity leave in the imminent future.**

23.    DEFENDANT's actions and conduct were intentional and intended to harm PLAINTIFF.

24.    As a result of the acts and conduct complained of herein, PLAINTIFF has suffered and will continue to suffer the loss of income, benefits, and other compensation which such employment entails.

**FIRST CAUSE OF ACTION**
*FOR INTERFERENCE UNDER THE FMLA*

25.    PLAINTIFF repeats and realleges each and every allegation in paragraphs one through thirty-four.

26.    The Family and Medical Leave Act of 1993, as amended 29 U.S.C. § 2612(a)(1) provides, in pertinent part, that: "Subject to section 2613 of this title and subsection (d)(3), an eligible employee shall be entitled to a total of 12 work weeks of leave …(A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter."

27.    PLAINTIFF was entitled to Family Bonding leave through FMLA, and exercised his right for leave on August 26, 2022, after the birth of his daughter.

28.    The Family and Medical Leave Act of 1993, as amended 29 U.S.C. § 2615(a) provides, in pertinent part, that:

> Interference with rights. (1) Exercise of rights. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

29.    DEFENDANT interfered with PLAINTIFF's exercise of his rights under the FMLA by terminating his employment, less than one hour after PLAINTIFF began his leave.

30.    As a result of DEFENDANT's unlawful discriminatory conduct in violation of the FMLA, PLAINTIFF has suffered, and continues to suffer, economic loss, for which he is entitled

to an award of monetary damages and other relief.

31.    The unlawful discriminatory actions of DEFENDANT constitute malicious, willful, and

wanton violations of FMLA, for which PLAINTIFF is entitled to the maximum allowable

damages under this statute.

**SECOND CAUSE OF ACTION**
*FOR RETALIATION UNDER THE FMLA*

32.    PLAINTIFF repeats and realleges each and every allegation in paragraphs one through

forty-two.

33.    The Family and Medical Leave Act of 1993, as amended 29 U.S.C. § 2615(a)(2) provides,

in pertinent part, that:

> Prohibited acts: . . . Discrimination: It shall be unlawful for any
> employer to discharge or in any other manner discriminate against
> any individual for opposing any practice made unlawful by this
> subchapter.

34.    DEFENDANT engaged in unlawful discriminatory practices prohibited by the FMLA by

retaliating against PLAINTIFF on the basis of PLAINTIFF's request for FMLA.

35.    Specifically, on or about June 9, 2022, PLAINTIFF submitted a formal leave of absence

request for paternity leave from September 1, 2022, through November 23, 2022. On or

about August 26, 2022, PLAINTIFF exercised his right for leave following the birth of his

daughter. Then, less than one hour after PLAINTIFF requested to begin his leave,

DEFENDANT terminated PLAINTIFF's employment without reason or justification by

claiming PLAINTIFF was part of a "corporate layoff." Notably, of the 26 employees laid

off by DEFENDANT, at least 17 of the employees were currently on family leave or

planning on taking family leave in the upcoming months.

36.    As a result of DEFENDANT's unlawful discriminatory conduct in violation of the FMLA,

PLAINTIFF has suffered, and continues to suffer, economic loss, for which he is entitled to an award of monetary damages and other relief.

37.   The unlawful discriminatory actions of DEFENDANT constitute malicious, willful, and wanton violations of FMLA, for which PLAINTIFF is entitled to the maximum allowable damages under this statute.

## JURY DEMAND

38.   Pursuant to Federal Rule of Civil Procedure 38(b), PLAINTIFF demands a trial by jury on all claims in this action.

**WHEREFORE**, PLAINTIFF respectfully requests a judgment against the DEFENDANT:

A.   Declaring that DEFENDANT engaged in unlawful employment practices prohibited by the FMLA, in that DEFENDANT interfered with PLAINTIFF's exercise of his rights under the FMLA and retaliated against PLAINTIFF on the basis of PLAINTIFF's request for FMLA.

B.   Awarding damages to PLAINTIFF for all lost wages and benefits and to otherwise make him whole for any losses suffered as a result of DEFENDANT's violation of the FMLA;

C.   Awarding PLAINTIFF interest at the prevailing rate on all lost wages, benefits and other compensation lost by reason of DEFENDANT's violation of the FMLA;

D.   Awarding liquidated damages to PLAINTIFF in an amount equal to all lost wages benefits and other compensation lost by reason of DEFENDANT's violation of the FMLA plus interest;

E.   Awarding PLAINTIFF attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

F.   Awarding PLAINTIFF such other and further relief as the Court may deem equitable, just

and proper to remedy DEFENDANT's unlawful employment practices.

Dated: Garden City, New York
       November 4, 2022

                                            **PHILLIPS & ASSOCIATES,**
                                            **ATTORNEYS AT LAW, PLLC**

                                   By:    _____/s/_____

                                          Marjorie Mesidor, Esq.
                                          *Attorney for Plaintiff*
                                          585 Stewart Avenue, Suite 410
                                          Garden City, New York 11530
                                          T: (212) 248-7431
                                          F: (212) 901-2107